UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 17-169-WOB-CJS

FARMERS MUTUAL INSURANCE
COMPANY OF MASON COUNTY                                             PLAINTIFF

v.                      **REPORT AND RECOMMENDATION**

STOVE BUILDER INTERNATIONAL, INC.
and MENARD, INC.                                                    DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Defendants' Motion for Leave to File Third-Party Complaint. (R. 31). Defendants seek to join Terry and Terri Renner, Plaintiff's insureds, as third-party defendants to this case. For the reasons set forth below, it will be recommended that Defendants' Motion for Leave to File Third-Party Complaint be denied.

**I.    Background**

Plaintiff Farmers Mutual Insurance Company of Mason County (Farmers) filed this subrogation action to recover insurance proceeds paid on behalf of its insureds, Terry and Terri Renner. (R. 1). On December 6, 2013, the Renners purchased and later installed a Drolet Eco-65 Pellet Heater manufactured by Defendant Stove Builder International, Inc. (Stove Builder) and sold by Defendant Menard, Inc. (Menard). (R. 1, at 2). In January 2017 a fire occurred at the Renners' home, originating from the heater manufactured by and purchased from the Defendants. (*Id*.). According to Farmers, as a result of the fire the Renners' home was uninhabitable for several

1

months and, pursuant to the homeowners policy of insurance, Farmers paid to or on behalf of the Renners $162,589.22 for living expenses and repairs. (R. 1, at 3). Farmers, as contractual subrogee, asserts against Defendants state-law claims of strict liability for design defect of the heater and failure to warn, negligence, and breach of express and implied warranties.

Defendants move to join Terry and Terri Renner to this lawsuit as third-party defendants. (R. 31). In the proposed Third-Party Complaint, Defendants assert the Renners failed to follow installation instructions provided by Stove Builder, failed to seek the advice of a professional when installing the heater, and further failed to properly maintain the heater in accordance with the recommended maintenance schedule provided by Stove Builder.

Defendants offer that their Motion is governed by Federal Civil Rule 14, providing "that a defending party may bring a third-party into an action when there exists 'a nonparty who is or may be liable to it for all or part of the claim against it.'" (R. 33, at 1). Thus, Defendants assert they are entitled to contribution from the Renners or they are entitled to a jury instruction permitting the jury to apportion fault between the Renners and the Defendants for purposes of determining whether Farmers is entitled to recover insurance proceeds paid by it.

Farmers opposes Defendants' proposed Third-Party Complaint, arguing any separate claim allowing apportionment between Defendants and the Renners in this action is impermissible and unnecessary under the law of subrogation. (R. 32, at 3). Farmers further asserts all interests in this matter are represented, as any defense that would be available to the Defendants in a direct action by the Renners would also be available to Defendants in this present action. (*Id*.).

**II.    Discussion**

In this diversity action, the Court applies Kentucky substantive law and federal procedural law. *Hoven v. Walgreen Co.,* 751 F.3d 778, 783 (6th Cir. 2014). Under Federal Civil Rule 14, "A

defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Defendants assert generally that "[c]ourts have applied a liberal policy in determining whether leave should be given to file a Third-Party Complaint" and that timely motions should be freely granted. (R. 33, at 3). This Court has previously held "[t]he decision of whether to grant a motion for leave to implead is a matter committed to the discretion of the district court, and the exercise of discretion is essentially a process of balancing the prejudices." *Botkin v. Tokio Marine & Nichido Fire Ins. Co., Ltd*, 956 F. Supp. 2d 795, 801 (E.D. Ky. 2013). A third-party complaint should be permitted under Rule 14(a) "only when the third party plaintiff is attempting to transfer liability for the plaintiff's claim against him." *Baker v. Pierce,* 812 F.2d 1406 (table decision), 1987 WL 36585, at *2 n.2 (6th Cir. 1987). As explained below, such a third-party complaint is not appropriate here, in circumstances of a subrogation claim, where Plaintiff Farmers stands in the shoes of the proposed third-party defendants.

In the motion briefing, both sides cite to *Wine v. Globe American Casualty Co*. to support their arguments. In *Wine*, the Kentucky Supreme Court adopted the "made whole" doctrine to determine when the right of subrogation comes to fruition. Under this doctrine, "an insured must be fully compensated for injuries or losses sustained (made whole) before the subrogation rights of an insurance carrier arise." *Wine v. Globe American Cas. Co.*, 917 S.W.2d 558, 562 (Ky. 1996). Consequently, "[a]ll subrogation rights are derivative and the insurer acquires the rights of its insured" meaning the "subrogee is substituted in place of its insured…." *Id*. at 566. Although the Defendants correctly cite that a subrogee "does not acquire greater rights" than its insured subrogor, it does allow the subrogee "to be placed in the position of its insured in order to pursue recovery for the payments [it] was obligated to pay its insured." *Id*. at 561, 566.

3

Subrogation law provides not just that a subrogee acquires the rights of its insured subrogor to pursue causes of action the subrogor may have, but the subrogee is also subject to any limitations on those causes of action. *Progressive Northern Ins. Co. v. Therm Tech. Corp.,* 2006 WL 1814346, at *2 (W.D. Ky. June 29, 2006). "[T]he law of subrogation in Kentucky dictates that '[t]he rights and remedies of the subrogee . . . are never greater than those of its subrogor . . . and, in fact, are subject to any pre-existing defenses and limitations.'" *Id.* (quoting *Acuity v. Planters Bank, Inc.,* 362 F. Supp. 2d 885, 889 (W.D. Ky. 2005) and citing *Federal Deposit Ins. Co. v. Wilhoit,* 180 S.W.2d 72 (Ky. 1943)). Here, the parties have not identified a Kentucky case on point – that is, addressing the issue of whether a defendant can join a plaintiff's subrogor as a third-party defendant.[1] Other federal district courts faced with the question have not permitted third-party proceedings.

In *Continental Casualty Co. v. Equity Industrial Maple Heights, LLC,* the plaintiff insurance company filed a subrogation action to recover insurance proceeds it paid after its insured suffered losses from a warehouse fire. *Continental*, No. 1:16-cv-453, 2017 WL 1317123, at *1 (N.D. Ohio Apr. 10, 2017). The plaintiff insurer filed an action against the owner of the warehouse who had entered into a lease agreement with the insured and others who were responsible for maintaining the warehouse, alleging the defendants failed to maintain the warehouse's fire suppression system. *Id*. The defendant owner filed a third-party complaint against the insured, alleging the insured "was contractually responsible for maintaining" the fire suppression system and thus sought contribution from the insured. *Id*. The insured moved to dismiss the claims. *Id*.

---

[1] The cases Defendants point to in their Reply as compelling that they be permitted leave to file a third-party complaint are not persuasive. Some of the cases look to the Kentucky Rules of Civil Procedure rather than the Federal Rules which govern in this diversity action and, more importantly, the substantive context of the cases is not subrogation law specifically.

In granting the insured's motion to dismiss the claims asserted in the third-party complaint, the district court explained that because "[s]ubrogation 'is the principal under which an insurer that has paid a loss under an insurance policy is entitled to all the rights and remedies belonging to the insured…'" in essence "'[a] subrogated insurer stands in the shoes of the insured-subrogor and has no greater rights than those of its insured-subrogor.'" *Id*. at \*3 (quoting *Corn v. Whitmere*, 916 N.E.2d 838, 845 (Oh. Ct. App. 2009)). The district court reasoned that because a subrogee "stands in the shoes" of its insured, "the presence of the subrogors in the case as third party defendants, would serve no legal purpose or be of any legal benefit to [the third party plaintiff.]" *Id*. (quoting *American Fire & Casualty Co. v. Material Handling Supply, Inc.*, No. 06-1545, 2007 WL 1296200, at \*2 (D.N.J. Apr. 27, 2007)). Defendants in *Continental* were "seek[ing] to recover from [the insured] for any tortious conduct [the insured] may have engaged in that caused damages to [its insurer]." *Id*. Accordingly, the *Continental* court held "[a]n insurer, however, cannot recover damages from its subrogated insured. Rather, [the defendants] may assert whatever 'contribution claim' they have against [the insured] as an affirmative defense to [the insurer's] claim for relief." *Id*. Other federal district courts have employed the same reasoning as the Northern District of Ohio in determining a third-party complaint seeking to bring in an insured in a subrogation action is not proper. Rather, the appropriate action would be for the defendant to assert their claim as a defense to the insurer's subrogation claim. *See National Fire Ins. Co. of Hartford v. Daniel J. Keating Co.*, 35 F.R.D. 137, 140 (W.D. Pa. 1964); *American Fire*, 2007 WL 1296200, at \*2; *USAA Cas. Ins. Co. v. Metropolitan Edison Co.*, No. 1:12-cv-1178, 2013 WL 2403309, at \*2-3 (M.D. Pa. May 31, 2013).

The factual circumstances surrounding the instant action mirror those in *Continental*. Here, the Defendants seek leave of court to file a third-party complaint against the Plaintiff's insureds,

5

asserting the Defendants are entitled to contribution or apportionment due to the insureds' own alleged negligence. However, Farmers has fully compensated the Renners and contractually Farmers has acquired the rights of the Renners to bring this action. And, because Farmers must also stand in the shoes of the Renners in seeking to recoup from others allegedly tortiously causing the Renners to sustain damages, Farmers must also bear the burden of any negligent acts or omissions of the Renners that contributed to causing and bringing about their damages. If the Defendants wish to assert the alleged negligence of the Renners, they do so as an affirmative defense to subrogee Farmers' claims for relief.

Thus here, as in *Continental*, filing of a third-party complaint under these circumstances is unnecessary. Farmers, by fully compensating the Renners and bringing this action, acquires not just all of the rights and remedies which formerly belonged to the Renners, but also must defend against any defenses available to assert against the Renners. To the extent the Defendants are seeking contribution or a jury instruction permitting the jury to apportion fault, to permit the third-party complaint against the insureds would "serve no legal purpose or be of any legal benefit to the" Defendants. *Continental,* 2017 WL 1317123, at *3.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED** that Defendants' Motion for Leave to File Third-Party Complaint (R. 31) be **denied.**

Specific objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd,* 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)).  Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal.  *Howard*, 932 F.2d at 509.  A party may respond to another party's objections within fourteen (14) days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

Signed this 11th day of February, 2019.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\Orders\civil cov\2017\17-169 R&R re 3PC #31.docx